# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                        |   |                      |
|------------------------|---|----------------------|
| STATE OF DELAWARE,     | ) |                      |
|                        | ) |                      |
| Plaintiff,             | ) |                      |
|                        | ) |                      |
| v.                     | ) | Cr. ID No. 1711005653 |
|                        | ) |                      |
| ERNEST A. RICHARDSON,  | ) |                      |
|                        | ) |                      |
| Defendant.             | ) |                      |
|                        | ) |                      |

Submitted: May 13, 2019
Decided: June 7, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Amanda J. DiLiberto, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Ernest Richardson, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 7th day of June, 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## PRIOR CRIMINAL ACTION RESULTING IN 2012 PLEA

1. Defendant Ernest Richardson was convicted of sexually assaulting two young girls, ages 6 and 10, in Criminal Action No. 0909018120. Following a jury trial in that case, Richardson was sentenced to 50 years in prison. On appeal, the Delaware Supreme Court reversed and remanded Richardson's case for a new trial.[1]

2. On remand, in 2012, Richardson pleaded no contest to Rape Fourth Degree and Unlawful Sexual Contact First Degree. In exchange, the State dismissed the other charges. The plea agreement form indicated that Richardson would be required to register as a sex offender under 11 *Del. C.* §§ 4120, 4121 and that his Risk Assessment Tier would be Tier II.[2] Richardson was sentenced to a total of 48 months of unsuspended prison time followed by probation.[3] The sentencing order did not state the applicable Risk Assessment Tier, although during the sentencing hearing counsel and

---

[1] *Richardson v. State*, 43 A.3d 906 (Del. 2012).
[2] *Richardson v. State*, 2019 WL 2128309, *1 (Del.).
[3] *Richardson v. State*, 2019 WL 2128309, *1 (Del.).

1

Superior Court repeatedly stated that Richardson would be required to register as a Tier II sex offender.[4]

3. After Richardson was released from prison, the Department of Corrections informed Richardson that he would be required to register as a Tier III sex offender, rather than as a Tier II sex offender.[5]

4. In 2013, Richardson filed two motions seeking to modify the tier designation from Tier III to Tier II. Both of these motions were denied because Richardson failed to appear for the scheduled hearings.[6]

5. In April 2015, Richardson filed a Rule 61 motion for postconviction relief in which he challenged the requirement that he register as a Tier III sex offender, rather than as Tier II. That motion was dismissed. The Superior Court held that because Richardson had been discharged from probation and his case closed, he was not "in custody" and therefore lacked standing to seek postconviction relief.[7]

6. In February 2016, Richardson filed a second Rule 61 motion for postconviction relief raising the same issue. The Superior Court dismissed

---

[4] *Richardson v. State,* 2019 WL 2128309, *1 (Del.).
[5] *Richardson v. State,* 2019 WL 2128309, *1 (Del.).
[6] *Richardson v. State,* 2019 WL 2128309, *1 (Del.).
[7] *Richardson v. State,* 2019 WL 2128309, *1 (Del.).

that second motion because Richardson was not "in custody" and therefore lacked standing under Rule 61.[8]

7. On December 3, 2018, Richardson filed a third Rule 61 motion for postconviction relief, again arguing that he should be required to register under Tier II and not Tier III or that he should be permitted to withdraw his no-contest plea. The Superior Court dismissed that motion and, on appeal, the Delaware Supreme Court affirmed that dismissal.[9]

8. The Delaware Supreme Court held that Richardson's third Rule 61 motion for postconviction relief was procedurally barred since he did not meet the threshold pleading requirements for proceeding with that motion. Richardson had not pled with particularity the existence of new evidence that created a strong inference of actual innocence or a new rule of constitutional law that applied to his case. He did not assert that the Superior Court lacked jurisdiction to enter a judgment or sentence him. The Delaware Supreme Court noted that the Superior Court had previously adjudicated his challenge to the Tier III designation, from which he did not appeal.[10]

9. The Delaware Supreme Court held that Richardson's claim that he should be tiered as a Tier II rather than a Tier III sex offender as a result of

---

[8] *Richardson v. State*, 2019 WL 2128309, *1 (Del.).
[9] *Richardson v. State*, 2019 WL 2128309, *2 (Del.).
[10] *Richardson v. State*, 2019 WL 2128309, *2 (Del.).

3

his 2012 conviction was "without any real consequence" in light of the fact that he pled guilty to the charges at issue in this case. He will now be serving a lengthy prison sentence followed by a requirement that he register as a Tier III sex offender.[11] Whether or not Richardson was previously required to register as a Tier II or Tier III sex offender is without any real consequence because, as a result of the subject conviction, he is now required to register as a Tier III sex offender.

10. Consequently, Richardson's 2012 plea was never set aside, overturned, or withdrawn, his conviction stands, his sentence has been served. That case is at an end.

## THE SUBJECT CRIMINAL ACTION

11. On May 21, 2018, Richardson pled guilty to Rape Second Degree and Unlawful Sexual Contact First Degree stemming from the nonconsensual sexual intercourse with a 15-year old. Richardson had sexual intercourse with the victim without her consent and impregnated her. The State was able to link him to the sexual assault through DNA evidence.[12] "The DNA was the beginning and end of the litigation."[13] Needless to say, the DNA evidence against Richardson was overwhelming and dispositive.

---

[11] *Richardson v. State*, 2019 WL 2128309, *3 (Del.).
[12] September 7, 2018 Sentencing Transcript, at pgs. 3, 6, 8.
[13] September 7, 2018 Sentencing Transcript, at pg. 6.

4

12. On September 7, 2018, the Superior Court sentenced Richardson to 25 years at Level V, suspended after 15 years, for decreasing levels of probation. The sentence also requires Richardson to register as a Tier III sex offender. [14]

13. At sentencing, the State requested a total of 20 years unsuspended Level V time be imposed. Ultimately, the Superior Court sentenced Richardson to a total of 15 years unsuspended Level V time.

14. Richardson did not file a direct appeal to the Delaware Supreme Court.

## RICHARDSON'S PENDING RULE 61 MOTION

15. On October 10, 2018, Richardson filed the subject Rule 61 motion for postconviction relief. In the subject motion, Richardson raises two claims: 1) prosecutorial misconduct, and 2) ineffective assistance of counsel. Both of these claims stem from Richardson's belief that the 2012 plea agreement in the previous criminal action was "unfulfilled" and "never upheld" because he was required to register as a Tier III sex offender rather than as a Tier II sex offender. The relief that Richardson is seeking in his Rule 61 motion is to have his sentence vacated and to be resentenced without consideration of his previous criminal conviction.

---

[14] *Richardson v. State*, 2019 WL 2128309, *3 (Del.).

16.   Before making a recommendation, Richardson's trial counsel was directed to submit an Affidavit responding to Richardson's ineffective assistance of counsel claim.  Thereafter, the State filed a response to the motion.  Finally, Richardson was permitted to file a reply thereto.[15]

17.   In connection with his Rule 61 motion, Richardson filed a motion for the production of his sentencing transcript.  The court granted that motion and provided a copy of the sentencing transcript to Richardson.[16]

18.   Richardson also filed a motion seeking to have the State's response to his Rule 61 motion stricken on the basis that it was untimely.  The motion to strike the State's response is hereby denied.  The State was given an extension of time for the filing of its response to Richardson's motion.  Its response was not untimely.  And, even if untimely, Richardson was given 30 days from the date of the submission of the State's response by which to file a reply.  Richardson was not prejudiced in any way by the date of the State's submission.  His request to strike the State's response is denied.

19.   Turning to the subject motion, it does not appear that Richardson is seeking to set aside his judgment of conviction.  It appears as if Richardson is seeking only to be resentenced without consideration of his prior criminal

---

[15] Super.Ct.Crim.R.  61(g)(1) and (2).
[16] See, Superior Court Docket No. 27.

conviction. As such, Richardson's motion does not state a cognizable Rule 61 claim. Richardson's Rule 61 motion is not the appropriate vehicle to seek the relief requested.

20.    A Rule 61 motion is only available to those seeking to set aside the judgment of conviction or a sentence of death, and only where there is a sufficient factual and legal basis for a collateral attack on the conviction or capital sentence.[17]

21.    Claims for sentence reductions and/or modifications are presented by way of Superior Court Criminal Rule 35 motions. A defendant may not disguise an application for a modification of sentence by couching the request as a motion for postconviction relief.[18] Richardson's motion seeking only to be resentenced, has not stated a cognizable Rule 61 claim, and should be dismissed.

22.    To the extent that the motion is even cognizable under Superior Court Criminal Rule 61, Richardson's claims are without merit. Richardson's claims are based on his belief that his 2012 conviction is not valid because he was required to register as a Tier III rather than a Tier II sex offender after his prison sentence had been served and, therefore, his prior conviction should

---

[17] Super.Ct.Crim.R. 61(a)(1).
[18] *State v. Costango*, 2002 WL 234748, at *1 (Del.Super.).

7

not have been mentioned or used as an aggravating factor at this sentencing. The factual underpinning of his motion is incorrect. Richardson was convicted in 2012 of Rape Fourth Degree and Unlawful Sexual Contact First Degree. That conviction was never set aside, overturned or withdrawn. His conviction stands.

23.   Richardson's claim of prosecutorial misconduct because the State mentioned his prior 2012 conviction as an aggravating factor at sentencing is without merit. The State did nothing improper by mentioning the prior conviction at Richardson's sentencing. Richardson was convicted in 2012 and that conviction stands.

24.   Moreover, Richardson's trial counsel was not ineffective for allowing the State to reference the 2012 conviction without objection, or by mentioning it himself. Richardson's trial counsel had no good faith basis to object to the State's mentioning of the prior conviction and cannot be deemed "ineffective" for failing to do so.[19]

25.   There was nothing improper about taking the 2012 conviction into consideration in this case at sentencing. The State did not commit "prosecutorial misconduct" and defense counsel was not ineffective for

---

[19] See, September 7, 2018 Sentencing Transcript, at pg. 7.

addressing the 2012 conviction at the sentencing in this case. Richardson's claims are without merit.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Lynne M. Parker

cc:     Prothonotary
          Joseph M. Leager, Jr., Esquire